EXHIBIT 2

FILED IN DISTRICT COURT
CREEK COUNTY SAPULPA OK

SEP -6 2017

TIME_____
Amanda VanOrsdol, COURT CLERK

IN THE DISTRICT COURT OF CREEK COUNTY
STATE OF OKLAHOMA

WILLIAM RABE, an individual,
Plaintiff,

v.

SUSAN LYNN WATSON, a/k/a SUSAN L. WATSON, a/k/a SUSAN WATSON, an individual, PROGRESSIVE CASUALTY INSURANCE COMPANY, a/k/a/ and or d/b/a PROGRESSIVE INSURANCE COMPANY, a/k/a and or d/b/a/ PROGRESSIVE GROUP OF INSURANCE COMPANIES, JOHN DOE, a business entity, and JANE DOE, an individual, Defendants

Case No. CJ-2017-
The Honorable

CJ 2017-263

LAWRENCE PARISH

## PETITION

Plaintiff alleges and states as follows:
1. Plaintiff was, at all material times, a resident of Creek County, Oklahoma.
2. Defendant Susan Watson (hereinafter Defendant "SW") was at all material times upon information and belief a resident of Creek County, Oklahoma.
3. Defendant PROGRESSIVE CASUALTY INSURANCE COMPANY, a/k/a/ and or d/b/a PROGRESSIVE INSURANCE COMPANY, a/k/a and or d/b/a/ PROGRESSIVE GROUP OF INSURANCE COMPANIES (hereinafter "Progressive Insurance Company") is a mutual automobile insurance company licensed to do business in Oklahoma.
4. Defendant John Doe, a business entity, is a business whose identity is unknown now, but may be revealed through the course of discovery. Defendant John Doe is an entity that transacts business/engages in commerce on a regular basis in Oklahoma, and the claims alleged here arise out of the Defendant John Doe's actions and/or inactions in Oklahoma.
5. Defendant Jane Doe, an individual, is a person residing in Oklahoma whose identity is unknown at this time, but may be revealed through the course of discovery.
6. This motor vehicle crash occurred in Tulsa County, OK on about 09/14/2015.
7. This Court has jurisdiction over this matter.
8. Plaintiff had the right of way.
9. Defendant SW chose to not pay attention while driving.
10. Defendant SW failed to yield.
11. Defendant SW chose to speed.
12. Defendant SW chose to drive recklessly.
13. Defendant totaled Plaintiff's vehicle.
14. A tow truck towed Plaintiff's vehicle from the crash scene.
15. The wreck caused significant damage to Plaintiff's vehicle.
16. The wreck caused significant damage to Defendant's vehicle.

1

17. Plaintiff made no improper action.
18. Police responded to the crash.
19. Plaintiff reported injury to the police at the scene of the crash.
20. Defendant SW failed to yield to Plaintiff's right of way at the time of the crash.
21. Defendant's vehicle crashed into and forced Plaintiff's vehicle into a separate vehicle.
22. Due to the crash, Plaintiff was injured.
23. A driver must pay attention to the road.
24. A driver must yield to traffic.
25. According to the National Safety Council, there are approximately 12 million crashes annually in the United States.
26. Approximately 3 million crashes annually in the United States involved injuries.
27. This equates to about one injury crash every eleven seconds.
28. Defendant SW violated a safety rule.
29. Defendant SW caused injuries and damages to Plaintiff.
30. Defendant SW breached duties owed to Plaintiff.
31. Defendant SW was negligent, negligent *per se* and/or is liable under *res ipsa loquitur* because Defendant violated and/or breached applicable statute(s), law(s), and/or ordinance(s), which directly caused injury to Plaintiff.
32. Defendant SW had the responsibility to follow safety rules on the date and time of this wreck.
33. Defendant SW violated Defendant's responsibilities on the date and time of the wreck.
34. On or about 09/14/2015 Defendant SW was an underinsured motorist.
35. On or about 09/14/2015, Defendant Progressive Insurance Company had in full force and effect a policy of automobile insurance and said policy of insurance provided for uninsured motorist coverage.
36. Plaintiff is an insured under the policy of insurance issued by the Defendant insurance company and is entitled to the benefits of the uninsured motorist coverage provided by said policy.
34. That on 09/14/2015, in Creek County, Oklahoma the Plaintiff was insured under the policy with Progressive Insurance Company

35. Under the terms and conditions of the contract, Defendant Progressive Insurance Company agreed to pay an insured damages as a result of a wreck with an uninsured motorist up to the policy limits.

36. Plaintiff made numerous demands for payment under the contract.

37. Defendant Progressive Insurance Company has improperly denied payment of benefits in breach of its obligations to Plaintiff.

38. Defendant Progressive Insurance Company has failed, refused, and/or neglected to pay the contract benefits.

39. That Defendant Progressive Insurance Company's failure to honor the insurance contract has forced Plaintiff to institute this litigation to recover amounts due under the insurance policy.

40. Defendant Progressive Insurance Company has refused and/or failed to fairly evaluate the injuries sustained by the Plaintiff.

2

41. Defendant Progressive Insurance Company has refused and/or failed to fairly and/or reasonably evaluate the injuries sustained by the Plaintiff.

42. Defendant Progressive Insurance Company has refused and/or failed to fairly and/or reasonably investigate the injuries sustained by the Plaintiff.

43. Defendant Progressive Insurance Company has failed to make good faith offers to settle and pay Plaintiff's claims under the terms of their insurance policy.

44. By the actions and/or omissions of Defendant Progressive Insurance Company, the Plaintiff have been left with no option for remedy other than filing this lawsuit.

45. Defendant Progressive Insurance Company's actions are in direct violation of 36 O.S. § 1250.5(13).

46. Defendant Progressive Insurance Company's actions are in violation of the terms of Plaintiff's automobile insurance policy.

47. Defendant's actions are in violation of Oklahoma law.

48. Liability is reasonably clear in this crash.

49. Defendant Progressive Insurance Company violated 36 O.S. § 1250.5 (4).

50. As a result of Defendant Progressive Insurance Company's conduct, Plaintiff has suffered economic distress as well as economic loss due to the loss of time, value of money and use of the money damages Plaintiff is entitled to, but denied by Defendant Progressive Insurance Company.

51. Defendant Progressive Insurance Company's actions are in bad faith and contrary to law.

52. As a direct result of the actions and/or omissions of Defendants, Plaintiff was injured and suffered damages.

53. The cap for pain and suffering must be lifted because of Defendant's choice to drive with reckless disregard for the rights of others as set forth above. 23 O.S. § 61.2.

37. Punitive damages should be awarded in this case.

38. The Defendants were negligent.

39. As a direct result of the actions and/or omissions of Defendants, Plaintiff was injured and suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000, punitive damages, to deter wrongful conduct, promote safety, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses, any all other relief which this Court deems just and proper.

ATTORNEY FEE CLAIMED
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED
PRE AND POST-JUDGMENT INTEREST

Respectfully submitted,

Ryan S. Wiehl, OBA # 32893
John Paul Truskett, OBA # 20550
Samuel T. Perrine, OBA # 32165
Truskett Law Firm, P.L.L.C.
2202 E. 49th St., Ste. 400
Tulsa, OK 74105
Office: (918) 392-5444
Fax: (918) 856-3676
Email: john@truskettlaw.com